IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JERAME WAYNE CLARK,

    Petitioner,                    No. 2:12-cv-2430 KJN P

    vs.

MATTHEW CATE,

    Respondent.                  ORDER

_____/

I. Introduction

        Petitioner is a state prisoner, proceeding without counsel, with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Both parties consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c). Petitioner challenges his 2010 conviction on charges of transportation of a controlled substance, and driving with a blood alcohol level of .08 or greater. Petitioner's sentence was enhanced based on his admission regarding a prior conviction. Petitioner was sentenced to six years in prison. Petitioner claims that the trial court's consideration of a dismissed charge violated petitioner's constitutional rights. After careful review of the record, this court concludes that the petition should be denied.

////

////

II.  Procedural History

On June 28, 2010, petitioner pled guilty to transportation of a controlled substance, and driving with a blood alcohol level of .08 or greater. (Reporter's Transcript ("RT") at 21-26.) Petitioner was sentenced on August 2, 2010. (RT at 27-34.)

Petitioner filed a timely appeal, and on July 8, 2011, the California Court of Appeal, Third Appellate District, Case No. C065875, affirmed the conviction. (Respondent's Lodged Document ("LD") 1.)

Petitioner filed no collateral challenges in state court.

On September 13, 2012, pursuant to Rule 3(d) of the Federal Rules Governing Section 2254 Cases, the instant action was constructively filed. (Dkt. No. 1 at 26.)

III.  Facts and Proceedings[1]

The opinion of the California Court of Appeal contains a factual summary of petitioner's offenses, and the proceedings below.

> In light of [petitioner's] guilty plea, the facts are taken from the preliminary hearing.
>
> On April 17, 2010, at approximately 2:20 a.m., Sergeant Dave Kain of the Tehama County Sheriff's Department saw a car drive off the right portion of a road while making a turn and then drive into the opposite lane of traffic while making another turn. He stopped the car.
>
> [Petitioner] was driving the car. When Sergeant Kain came up to the car, he noticed the odor of alcohol and saw that [petitioner's] eyes were bloodshot and watery. Kain told [petitioner] to step out of the car and noticed [petitioner's] gait was unsteady and he had alcohol on his breath. Kain asked [petitioner] if he had any weapons on him and [petitioner] told him he had a knife in a sheath strapped to [petitioner's] right ankle. As Kain took the knife, he saw [petitioner] make a throwing motion with his left hand and saw a piece of tissue fly through the air. Kain picked up the tissue and found that it contained a usable amount of marijuana.

---

[1] The facts are taken from the opinion of the California Court of Appeal for the Third Appellate District in People v. Clark, No. C065875 (July 8, 2011), a copy of which was lodged by respondent as LD 1 on November 29, 2012.

> At this point, Sergeant Kain arrested [petitioner] and conducted a more thorough search. He discovered a baggie sticking out of [petitioner's] left sock that contained 1.85 grams of psilocybin. [Petitioner] was taken to a hospital and his blood was drawn. His blood alcohol level was determined to be 0.11.
>
> [Petitioner] was charged with three felonies: possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a)), transportation of a controlled substance (id., § 11379, subd. (a)), and carrying a concealed dirk or dagger (Pen. Code, § 12020, subd. (a)(4)). On each felony, [petitioner] was also charged with a prior strike (id., §§ 459, 1170.12, subds. (b)-(2)), to wit, a 1999 first degree burglary, and a prior felony for which he served a term in prison (id., § 667.5, subd. (b)). [Petitioner] was also charged with three misdemeanors: driving under the influence (Veh. Code, § 23152, subd. (a)), driving while his license was suspended or revoked (id., § 14601.1, subd. (a)), and driving with a blood alcohol level of 0.08 or higher (id., § 23152, subd .(b)).
>
> [Petitioner] entered a negotiated plea of guilty to transportation of a controlled substance and driving with a blood alcohol level of 0.08 or higher. He also admitted the prior strike. All other charges were dismissed.
>
> [Petitioner] moved to strike the prior in the interest of justice. The motion was denied.
>
> [Petitioner] was sentenced on the drug offense to the middle term of three years, doubled to six under the three strikes law. He received a concurrent term of one year on the Vehicle Code violation.

(People v. Clark, slip op. at 2-3.)

IV. <u>Standards for a Writ of Habeas Corpus</u>

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). A federal writ is not available for alleged error in the interpretation or application of state law. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Park v. California, 202 F.3d 1146, 1149 (9th Cir. 2000).

Federal habeas corpus relief is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

////

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Under section 2254(d)(1), a state court decision is "contrary to" clearly established United States Supreme Court precedents if it applies a rule that contradicts the governing law set forth in Supreme Court cases, or if it confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at different result. Early v. Packer, 537 U.S. 3, 7 (2002) (citing Williams v. Taylor, 529 U.S. 362, 405-06 (2000)).

Under the "unreasonable application" clause of section 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. Williams, 529 U.S. at 413. A federal habeas court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 412; see also Lockyer v. Andrade, 538 U.S. 63, 75 (2003) (it is "not enough that a federal habeas court, in its independent review of the legal question, is left with a 'firm conviction' that the state court was 'erroneous.'") (internal citations omitted). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 131 S. Ct. 770, 786 (2011).

The court looks to the last reasoned state court decision as the basis for the state court judgment. Avila v. Galaza, 297 F.3d 911, 918 (9th Cir. 2002). If there is no reasoned decision, "and the state court has denied relief, it may be presumed that the state court

4

adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." Harrington, 131 S. Ct. at 784-85.  That presumption may be overcome by a showing that "there is reason to think some other explanation for the state court's decision is more likely." Id. at 785 (citing Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991)).

Where the state court reaches a decision on the merits but provides no reasoning to support its conclusion, the federal court conducts an independent review of the record. "Independent review of the record is not de novo review of the constitutional issue, but rather, the only method by which we can determine whether a silent state court decision is objectively unreasonable." Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003).  Where no reasoned decision is available, the habeas petitioner has the burden of "showing there was no reasonable basis for the state court to deny relief." Harrington, 131 S. Ct. at 784.  "[A] habeas court must determine what arguments or theories supported or, . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court." Id. at 786.

V. Use of Facts from Dismissed Count

Petitioner claims that the trial court's consideration of the dismissed charge violated petitioner's due process rights,[2] primarily relying on People v. Harvey, 25 Cal.3d 754, 757-58 (1979).[3]  (Dkt. No. 1 at 5, 16.)

---

[2] Respondent argues that petitioner's federal due process claim is unexhausted, noting that petitioner's state court filings raised no allegation that the sentence violated federal law. Assuming *arguendo* that petitioner's federal due process claim was not exhausted in state court, this court denies the petition on the merits.  See 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

[3] In Harvey, the court concluded that facts of dismissed charges that are "transactionally related" to the admitted charge may be relied upon in sentencing, but held that "facts underlying, and solely pertaining to" dismissed counts cannot be relied upon "absen[t] . . . any contrary agreement." Id. at 758.  A " Harvey waiver" is such a "contrary agreement" allowing the sentencing court to take into account the facts of the dismissed counts for purposes of sentencing.

In ruling on petitioner's motion filed pursuant to People v. Superior Court (Romero), 13 Cal. 4th 497 (1996), the sentencing judge summarized petitioner's prior criminal history on the record:[4]

> [Petitioner] has an extensive juvenile record. That juvenile record includes an adjudication for first degree burglary, which coincidentally was also the strike conviction in 1999.
>
> [Petitioner] was committed to State Prison for the strike allegation. It is 11 years old. However, it's noted that the [petitioner] served a rather lengthy period in State Prison. It is noted that at the time of that conviction the [petitioner] had two other felonies.
>
> [Petitioner], after release, had four parole violations: 2003, 2004, 2006, 2007. [Petitioner] has four convictions, including for 2800.2 of the Vehicle Code and 23152 of the Vehicle Code, all which suggest that the [petitioner] may be a danger to others. At the time the [petitioner] committed this offense he was armed with a knife.

(RT at 30-31.) Petitioner argues that the sentencing judge's reliance on the fact that petitioner carried a concealed knife violated the dictates of Harvey because the knife charge was actually dismissed as the result of a plea bargain.

The last reasoned rejection of this claim is the decision of the California Court of Appeal for the Third Appellate District on petitioner's direct appeal. The state court addressed this claim as follows:

> At sentencing, [petitioner] asked for imposition of the mitigated term on the drug offense. The trial court instead imposed the middle term. The court explained: "[T]his is not a [petitioner] who has not gotten his second chance. The [petitioner] has had numerous chances, and frankly just has not made good use of those chances for whatever reason. Whether he could comply with conditions of probation or could not, whether he could comply with parole or could not, the fact of the matter is he didn't." The trial court indicated it was rejecting a mitigated term for much the same reasons it had earlier denied [petitioner's] motion to strike the prior strike. One of the reasons mentioned at that time was [petitioner's] possession of a weapon at the time of the current offenses.

---

[4] In Romero, the California Supreme Court held that in cases charged under the Three Strikes Law, a court could exercise the power to dismiss prior convictions at sentencing in the furtherance of justice. Id., 13 Cal. 4th at 529-30.

[Petitioner] contends it was error for the trial court to consider the fact he was armed with a knife at the time of his arrest in determining what sentence to impose. [Petitioner] argues the court was not permitted to consider this fact in light of dismissal of the charge for carrying a concealed dirk or dagger as part of the plea agreement. We disagree.

Absent an effective waiver, facts relating to an independent count which is dismissed as part of a plea bargain may not be considered in determining the sentence to be imposed. (People v. Harvey (1979) 25 Cal.3d 754, 758.) However, the facts of a dismissed count may be considered if those facts are transactionally related to the crime of which the defendant is convicted. (People v. Cortez (1980) 103 Cal.App.3d 491, 496.) As the Court of Appeal explained in People v. Guevara (1979) 88 Cal.App.3d 86, "[a] plea bargain does not, expressly or by implication, preclude the sentencing court from reviewing all the circumstances relating to [the defendant's] admitted offenses to the legislatively mandated end that a term, lower, middle or upper, be imposed on [the defendant] commensurate with the gravity of his crime." (Id. at p. 94.)

In People v. Bradford (1995) 38 Cal.App.4th 1733 (Bradford), growing marijuana plants were found in a compound occupied by the defendant and others and two shotguns were found in a cabin containing identification belonging to the defendant. The defendant entered a negotiated plea of guilty to cultivation of marijuana and vehicle theft, and other charges, including one for possession of a deadly weapon and a charge that the defendant was armed in connection with the cultivation charge, were dismissed. The court imposed the upper term based in part on the defendant's possession of two firearms. (Id. at pp. 1735-1737.)

On appeal, this court rejected the defendant's argument that the trial court erred in considering the presence of firearms in the cabin in imposing sentence. We explained: "[D]efendant's loaded shotguns were found in his cabin in a compound dedicated to the cultivation of marijuana. It is undisputed that defendant knew of the presence of the weapons. Nothing suggests the weapons were there by accident. Finally, the record permits the fair inference that defendant was present in his cabin with the weapons at some point during the process of cultivating the marijuana nearby. The record therefore contains substantial evidence showing defendant was armed with the shotguns during the cultivation offense, so that defendant's possession of the weapons was transactionally related to the offense." (Bradford, supra, 38 Cal.App.4th at p. 1739.)

[Petitioner] contends the facts of the present matter are similar to those in People v. Berry (1981) 117 Cal.App.3d 184 (Berry), where a pistol was found under the driver's seat when the defendant was stopped while driving a stolen vehicle. The defendant entered a

> negotiated guilty plea to vehicle theft and weapon charges were dismissed. However, the trial court used the presence of the weapon as an aggravating factor at sentencing. (Id. at pp. 190, 193-194.) The Court of Appeal indicated the question whether the firearm possession was transactionally related to the vehicle theft was a close one, but ultimately concluded it was not. According to the court: "There is nothing to show that the defendant used the pistol to obtain or retain possession of the vehicle. He did not drive the vehicle while brandishing the weapon. The vehicle merely served as a container for it." (Id. at p. 197.) In other words, possession of the stolen vehicle and possession of the weapon were unrelated crimes that just happened to coincide.
>
> In Bradford, we distinguished Berry by virtue of the offense of which the defendant pleaded guilty. We explained that "whatever might be said of vehicle theft, it is common knowledge that perpetrators of narcotics offenses keep weapons available to guard their contraband." (Bradford, supra, 38 Cal.App.4th at p. 1739.)
>
> Likewise, in the present matter, [petitioner] was convicted of a drug offense and the trial court could reasonably conclude the presence of the knife was intended by [petitioner] to guard his contraband. Hence, it was transactionally related to that offense and could be considered at sentencing.

People v. Clark, slip op. at 4-7.

Petitioner's claims that he was improperly sentenced because the trial court considered a dismissed charge in making the sentencing decision essentially involve an interpretation of state sentencing law. As explained above, "it is not the province of a federal habeas court to reexamine state court determinations on state law questions." Estelle, 502 U.S. at 67. So long as a state sentence "is not based on any proscribed federal grounds such as being cruel and unusual, racially or ethnically motivated, or enhanced by indigency, the penalties for violation of state statutes are matters of state concern." Makal v. State of Arizona, 544 F.2d 1030, 1035 (9th Cir. 1976). Thus, "[a]bsent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief." Christian v. Rhode, 41 F.3d 461, 469 (9th Cir. 1994).[5]

---

[5] Under California law, a trial court's discretionary act at sentencing will not be disturbed unless the record suggests a "manifest miscarriage of justice." See People v. Arviso, 201 Cal.

8

The trial court's decision to consider petitioner's possession of the concealed knife was not fundamentally unfair. As the state appellate court found, the possession of the knife was transactionally related to petitioner's drug charge, and this finding was not an unreasonable determination of the facts. Moreover, the record reflects that the sentencing judge relied heavily on petitioner's criminal history in sentencing petitioner. Prior to sentencing, the judge denied petitioner's motion to strike the prior conviction under Romero, and found petitioner "fit within the spirit of the Three Strikes law," commenting:

> [t]he fact of the matter is, except for when the [petitioner] was in prison, the [petitioner] has at least one conviction or adjudication every year since 1997, with one exception, which is 2009, which may be a good sign since that's the latest year. But it just is not a good enough sign to overcome the [petitioner's] past.

(RT at 31.) The sentencing judge explained why he sentenced petitioner to the mid-term, rather than the mitigated term:

> You know, this is not a defendant who has not gotten his second chance. The [petitioner] has had numerous chances, and frankly just has not made good use of those chances for whatever reason. Whether he could comply with conditions of probation or could not, whether he could comply with parole or could not, the fact of the matter is he didn't.

(RT at 33.) The sentencing judge's conclusion was not unreasonable under the circumstances of this case, and his consideration of petitioner's possession of the knife did not result in prejudice to this petitioner, who had a lengthy criminal history. After a careful review of the sentencing proceedings, the undersigned finds no federal constitutional violation in the state trial judge's exercise of his sentencing discretion.[6] Accordingly, petitioner's claim is denied.

---

App. 3d 1055, 1059 (1988).

[6] If petitioner's sentence was imposed under an invalid statute or was in excess of that actually permitted under state law, a federal due process violation would be presented. See Marzano v. Kincheloe, 915 F.2d 549, 552 (9th Cir. 1990) (due process violation found where petitioner's sentence of life imprisonment without the possibility of parole could not be constitutionally imposed under the state statute upon which his conviction was based). However, petitioner failed to make such a showing.

VI. <u>Conclusion</u>

        For all of the above reasons, the undersigned denies petitioner's application for a writ of habeas corpus.

        Before petitioner can appeal this decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The court must either issue a certificate of appealability indicating which issues satisfy the required showing or must state the reasons why such a certificate should not issue. Fed. R. App. P. 22(b).

        For the reasons set forth above, the undersigned finds that petitioner has not made a showing of a substantial showing of the denial of a constitutional right.

        Accordingly, IT IS HEREBY ORDERED that:

        1. Petitioner's application for a petition for writ of habeas corpus is denied; and

        2. The court declines to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

DATED: March 11, 2013

                        KENDALL J. NEWMAN
                        UNITED STATES MAGISTRATE JUDGE

clar2430.157